**IT IS ORDERED as set forth below:**



**Date: November 20, 2019**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| JACK COOPER VENTURES, INC., *et al.*,[1] | ) Case No. 19-62393 (PWB) |
| Debtors. | ) (Jointly Administered) |

**ORDER (I) REGARDING THE DISMISSAL OF THE DEBTORS'**
**CHAPTER 11 CASES, (II) REJECTING REMAINING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES, (III) RESCINDING THE BAR DATE ORDER,**
**AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305(a), 349, 363, 365, 554 and 1112(b) of title 11 of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Jack Cooper Ventures, Inc. (0805); Jack Cooper Diversified, LLC (9414); Jack Cooper Enterprises, Inc. (3001); Jack Cooper Holdings Corp. (2446); Jack Cooper Transport Company, Inc. (3030); Auto Handling Corporation (4011); CTEMS, LLC (7725); Jack Cooper Logistics, LLC (3433); Auto & Boat Relocation Services, LLC (9095); Axis Logistic Services, Inc. (2904); Jack Cooper CT Services, Inc. (3523); Jack Cooper Rail and Shuttle, Inc. (7801); Jack Cooper Investments, Inc. (6894); North American Auto Transportation Corp. (8293); Jack Cooper Transport Canada Inc. (8733); Jack Cooper Canada GP 1 Inc. (8087); Jack Cooper Canada GP 2 Inc. (8089); Jack Cooper Canada 1 Limited Partnership (8084); and Jack Cooper Canada 2 Limited Partnership (8086). The location of the Debtors' corporate headquarters and service address is: 630 Kennesaw Due West Road NW, Kennesaw, Georgia 30152.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Code (the "Bankruptcy Code") and Rules 1017(a) and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing these Chapter 11 Cases, rejecting remaining executory contracts and unexpired leases, rescinding the Bar Date Order, authorizing the retention of Compass Advisory Partners, LLC to effectuate the orderly wind-down of the Debtors' estates in accordance with the Wind-Down Budget, setting a hearing on the Final Fee Applications and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient; and the Court having conducted a hearing on the Motion at which time all parties in interest were given an opportunity to be heard; and any objections filed with respect to the Motion having been withdrawn or overruled by the Court or resolved by the terms of this Order; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. After disposition of the Final Fee Applications, the Debtors shall file a request that an order dismissing these Chapter 11 Cases be entered.

3. Upon the filing of such request, the Court may enter an order dismissing these Chapter 11 Cases without further notice or hearing (the "Dismissal Order"). The date that the Dismissal Order is entered is referred to herein as the "Dismissal Effective Date". The Debtors shall serve a copy of this Order on all creditors and parties-in-interest but shall not be required to

serve the Dismissal Order on any party other than those parties that have requested notice pursuant to Bankruptcy Rule 2002.

4. All contracts not assumed by the Buyer shall be deemed rejected *nunc pro tunc* as of the Closing Date.

5. The Bar Date Order entered by the Court on September 19, 2019 [Docket No. 297] is hereby rescinded.

6. The dismissal of the Debtors' Chapter 11 Cases is subject to and without waiver of or prejudice to any rights, claims, counterclaims or defenses, including recoupment and/or setoff, that Selland Auto Transport, Inc. and/or Ann Selland has, may have or may claim to have with respect to the Buyer's purchase of the Acquired Assets.

7. The Debtors are authorized to retain Compass Advisory Partners, LLC and appoint John W. Teitz as an authorized representative, in each case *nunc pro tunc* to November 4, 2019, to effectuate the orderly wind-down of the Debtors' estates on the terms described in the Motion and the Engagement Letter. Payments to Compass Advisory Services in accordance with the Engagement Letter are approved and no further Court approval shall be necessary.

8. Any objections to the Final Fee Applications shall be filed by 10:00 a.m. (prevailing Eastern Time) on December 2, 2019. If an objection is timely filed, a hearing on the contested Final Fee Application(s) will be held on December 3, 2019 at 2:00 p.m. (prevailing Eastern time). No hearing shall be necessary on the Final Fee Applications absent the filing of an objection. If no objection to the Final Fee Applications is timely filed, the orders granting the Final Fee Applications shall be final orders of this Court.

9. Any post-closing fees and expenses may be paid by the authorized representative of the Debtors in accordance with the Wind-Down Budget and without further Court approval.

10. Notwithstanding section 349 of the Bankruptcy Code, all orders of this Court entered in these Chapter 11 Cases on or before the Dismissal Effective Date (including, but not limited to, the Final DIP Order and the Sale Order) shall remain in full force and effect and shall survive the dismissal of these Chapter 11 Cases.

11. The Buyer shall pay all outstanding U.S. Trustee Fees pursuant to 28 U.S.C. § 1930 when they become due.

12. Notwithstanding the dismissal of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of this or any other Order of this Court entered in these Chapter 11 Cases.

13. As soon as reasonably practicable after the Dismissal Effective Date, without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors of the Debtors, to the extent not previously dissolved, the Debtors shall be entitled to seek dissolution pursuant to applicable state law. The Debtors are authorized to execute and file on their behalf all documents necessary and proper to effectuate and consummate their dissolution in accordance with the laws of the states in which they are formed.

14. Effective immediately upon the Dismissal Effective Date, the Creditors' Committee shall dissolve and the members thereof shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases.

15. The Debtors are hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

16. To the extent applicable, Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure are waived and this Order shall be effective and enforceable immediately upon entry.

END OF DOCUMENT

Prepared and presented by:

*/s/ Sarah R. Borders*
Sarah R. Borders
Georgia Bar No. 610649
Leia Clement Shermohammed
Georgia Bar No. 972711
Britney Baker
Georgia Bar No. 625752
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: sborders@kslaw.com
Email: lshermohammed@kslaw.com
Email: bbaker@kslaw.com

-and-

Kelley A. Cornish (admitted *pro hac vice*)
New York Bar No. 1930767
Brian S. Hermann (admitted *pro hac vice*)
New York Bar No. 2810232
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Email: kcornish@paulweiss.com
Email: bhermann@paulweiss.com

*Counsel for the Debtors in Possession*